UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH McBATH,<br><br>        Petitioner,<br><br>      v.<br><br>MARTIN D. BITER, Warden,<br><br>        Respondent. | 1:12-cv-00005 LJO MJS HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 15] |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent, Martin D. Biter, as warden of Kern Valley State Prison, is represented by Christopher J. Rench, Esq. of the office of the Attorney General of California.

**I.  BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and challenges a disciplinary infraction for conspiracy to introduce a controlled substance for distribution issued on March 14, 2010. (Mot. To Dismiss, Ex. 1, ECF No. 16-11.) Petitioner was found guilty and assessed 151 days forfeiture of credit, a year loss of visiting privileges, and two years non-contact visits to follow the year loss of visiting privileges. (Id.)

Petitioner thereafter appealed the disciplinary infraction through administrative actions

-1-

and by way of a petition for writ of habeas corpus filed with the Imperial County Superior Court on February 7, 2012. (Mot. To Dismiss, Ex. 1.)  The Court has not been provided with any decision with regard to the superior court petition or with any petitions and resulting decisions from the California Court of Appeals or the California Supreme Court.

On December 19, 2011, Petitioner filed the instant petition for writ of habeas corpus in this Court raising three different claims for relief relating to the alleged violation of Petitioner's due process rights under Wolff v. McDonnell, 418 U.S. 539 (1974) and Cato v. Rushen, 824 F.3d 703 (9th Cir. 1987). (See Pet., ECF No. 1.)

Furthermore, Petitioner states in his federal petition that his claims were not presented to the California Supreme Court and were currently pending before the Imperial County Superior Court. (Id. at 3-14.) On February 6, 2012, Petitioner filed a motion requesting a stay and abeyance pending exhaustion of state court remedies. (Mot. For Stay, ECF No. 12.) On February 17, 2012, Respondent filed a motion to dismiss for failure to exhaust state court remedies. (Mot. To Dismiss.) Respondent filed an opposition to the motion requesting a stay, and Petitioner has filed an opposition to the motion to dismiss. The motion to dismiss stands ready for adjudication.

## II. DISCUSSION

### A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for

dismissal pursuant to its authority under Rule 4.

### B. Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court. Duncan, 513 U.S. at 365-366.

The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is. Lyons, 232 F.3d at 668-669 (italics added).

As stated above, Petitioner raises three claims for relief. Petitioner admitted, and a review of the state court pleadings corroborate, that none of his claims were presented to the California Supreme Court at the time Petitioner filed his federal petition. Petitioner requested the Court stay the proceedings so that he could return to state court to exhaust his state remedies. At the time of filing this petition, Petitioner had only recently filed a state habeas corpus petition with the Imperial County Superior Court and could not have presented his claims to the California Supreme Court.  As Petitioner has not filed any proceedings with the California Supreme Court, it is not possible that Petitioner has exhausted his claims which remain unexhausted.

Ordinarily, courts must dismiss a mixed petition without prejudice to give Petitioner an opportunity to exhaust the claim if he can do so.  See Rose, 455 U.S. at 521-22; Jefferson v. Budge, 419 F.3d 1013, 1016 (9th Cir. 2005).  However, the instant petition is not a mixed petition containing exhausted and unexhausted claims. As the petition only contains unexhausted claims, Petitioner is not entitled to a stay, and the Court must dismiss the petition. See Coleman, 501 U.S. at 731.

## III.     RECOMMENDATION

Accordingly, the Court RECOMMENDS that the motion to dismiss for failure to exhaust state remedies be GRANTED and the motion requesting a stay be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14)

days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 15, 2012                             /s/ *Michael J. Seng*
                                                   UNITED STATES MAGISTRATE JUDGE